## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LARRY L. ROBINSON ID # 1955575, Petitioner, | ) ) ) ) | |
| vs. | ) ) | No. 3:16-CV-2553-B (BH) |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent, | ) ) ) ) ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

### I. BACKGROUND

While he was an inmate incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), Larry L. Robinson (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction for theft in Cause No. F14-51103 in Criminal District Court No. 7 of Dallas County, Texas. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

### A. Trial

The State indicted Petitioner for theft on January 27, 2014, and alleged for purposes of enhancement of punishment that he had two prior convictions in Cause Nos. F86-86726 (possession of a controlled substance) and F88-90743 (burglary) in Dallas County, Texas. (*See* doc. 46-3 at 12,

30.)[1]  He pleaded not guilty and was tried before a jury on July 30, 2014.

Two loss prevention officers testified that on January 5, 2014, they observed Petitioner enter their store wearing a large jacket. Petitioner first looked at the Dewalt batteries. He then looked at Paslode batteries, which are rechargeable batteries for nailers, and selected one. He held it in his hand and looked around to see who was near him. Petitioner also selected another nearby item, a fuel pack or fuel cell for nail guns. He walked down the aisle as if to leave the aisle, but he turned around, as if to see if someone was watching him, and went back up the aisle to the Dewalt batteries. Petitioner picked up a Dewalt battery and proceed to the cabinet aisle, which was a secluded aisle in the rear of the store. He set the items on a shelf and looked to see if anyone was watching. He then began to use a razor blade to open the packages, stopping to see if anyone was watching him. He put the items inside his jacket and rear pants pockets and headed for the front of the store.

One of the loss prevention officers called a third loss prevention officer and had him wait outside the store. Petitioner left the store without paying for the concealed merchandise. The three officers approached him, identified themselves, and told him he needed to come back inside because of the unpaid merchandise. Petitioner went back in the store with the employees, and they took him to the loss prevention office. They had to handcuff him when he began to reach into his pockets. They retrieved the merchandise from him and then called the police. The total value of the items taken was $179. They asked Petitioner why he shoplifted, and he replied that he needed food.

A video from the store surveillance cameras was admitted into evidence. The video showed Petitioner entering the store, selecting the fuel cells, exiting the store, and re-entering the store after he was apprehended. There was no video of Petitioner opening the packaging or concealing

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

merchandise on his body. There was no camera pointed toward the section where the Dewalt batteries were, nor any video on the cabinet aisle. Photographs of the merchandise and of the opened packaging were also admitted into evidence.

After the State rested its case, Petitioner's attorneys sought to put something on the record outside the presence of the jury. One attorney told the court that Petitioner had requested that the third loss prevention officer, who was at the courthouse, be called as a defense witness. Counsel had admonished Petitioner that she did not anticipate the testimony to be beneficial to Petitioner's case. Petitioner's other attorney wanted the record to reflect that the defense did not plan on calling the third officer as a witness as a matter of trial tactics.

Petitioner was the sole defense witness. He testified that he went to the store with the intent "to do something illegal" because he was homeless, did not have a place to go, and it was cold. Petitioner testified that he picked up assorted items, but after he saw that he was being watched, he threw the merchandise down and walked out of the store. According to Petitioner, the loss prevention officers did not find any stolen goods on him when they searched him. He denied taking the items out of their packages. He stated that he tried to open the biggest package, but he could not tear it open. Petitioner also indicated that one of his attorneys had shown him a video from the store that was not the one played in court. *See Robinson v. State*, No. 05-14-01064–CR, 2016 WL 326595 at *1-2 (Tex. App. – Dallas Jan. 27, 2016).

The jury convicted Petitioner of theft. The court found that the enhancement allegations were true and sentenced him to three years' imprisonment. (*See* doc. 46-3 at 80.)

**B.     Post-Conviction Proceedings**

The judgment was affirmed on appeal. *See Robinson*, 2016 WL 326595. The Texas Court

of Criminal Appeals denied the petition for discretionary review. *Robinson v. State*, PD-0205-16 (Tex. Crim. App. Apr. 13, 2016. Petitioner filed several state habeas applications that challenged the theft conviction and the validity of the prior convictions used to enhance punishment in the theft case. The first habeas application was dismissed because the direct appeal was pending. (*See* docs. 34, 35); *Ex parte Robinson*, WR-30,402-14 (Tex. Crim. App. Feb. 11, 2015). The others were denied without written order. (*See* docs. 46-45, 46-46, 46-47, 46-48, 53-1, and 53-4); *Ex parte Robinson*, WR-30,402-16 (Tex. Crim. App. Aug. 10, 2015); *Ex parte Robinson*, WR-30,402-17 (Tex. Crim. App. Aug. 10, 2015); *Ex parte Robinson*, WR-30,402-18 (Tex. Crim. App. Jan. 25, 2017).

**C.** **Substantive Claims**

Petitioner's habeas petition, signed on August 26, 2016, raises the following grounds:

(1) The prior convictions in Nos. F86-86726 (controlled substance) and F88-90743 (burglary) were illegally used for enhancement because for one offense, an illegal judicial confession was used, Petitioner could not read or spell and he was told that all of the papers were about regular probation; for the other offense, there was no arrest, charge, arraignment papers, fingerprints, mugshots, or number. While he was arrested for other misdemeanor offenses in 1986 or 1987, he was not arrested, charged, or convicted of the controlled substance offense or burglary offense in 1986 or 1987;

(2) Counsel was ineffective for failing to:

    (a) investigate the legality of the prior convictions for possession of a controlled substance and burglary that were used for enhancement;

    (b) call the third loss prevention officer (employee #3) as a witness;

    (c) hire an expert to review the security video to show that it was altered;

(3) The judgment states that Petitioner pleaded true to the enhancement allegations, but the appellate court "ordered the enhancement to be 'not true.'"

(*See* doc. 3 at 6-8.)³ Respondent filed a response on February 3, 2017. (Doc. 35.) Petitioner filed a reply on May 10, 2017. (Doc. 48.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite

---

³ Although Petitioner discharged his sentence in No. F14-51103 on January 4, 2017 (*see* docs. 35-1 at 3-4; 35-2 at 2), he is still considered to be "in custody," because he filed his § 2254 petition before he discharged his sentence. *See Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985); *Combs v. Stephens*, No. 3:14-CV-2294-L, 2015 WL 5877075 at*3 (N.D. Tex. Oct. 5, 2015).

5

to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  PRIOR CONVICTIONS

Petitioner contends that the prior convictions for possession of a controlled substance (F86-86726) and for burglary (F88-90743) were illegally used for enhancement. He claims that for one offense, an illegal judicial confession was used, he could not read or spell, and he was told that all

of the papers were about regular probation, and there was no arrest, charge, arraignment papers, fingerprints, mugshots, or SID number for the other offense. He contends that he was arrested for misdemeanor offenses in 1986 or 1987, but he was not arrested, charged, or convicted of the controlled substance offense or burglary offense in 1986 or 1987.

**A.     Validity**

To the extent that Petitioner challenges the validity of the prior convictions, his claim lacks merit. A challenge to the validity of an expired conviction used to enhance a sentence is not a cognizable claim in a § 2254 petition. *See Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005). There is an exception where the conviction was obtained because of the failure to appoint counsel in violation of the Sixth Amendment. *See id*.

Petitioner discharged his sentence in No. F86-86726 on January 3, 2002, and he discharged his sentence in No. F88-90743 on February 23, 2008. (*See* doc. 35-1 at 3.) He does not allege that he lacked counsel for the prior convictions, and the judgments from those cases show that he had counsel. (*See* doc. 46-8 at 58, 64.) Because Petitioner discharged his sentences for the prior convictions that were used for enhancement, and he was represented by counsel in those cases, he may not raise a claim about the validity of those prior convictions.

**B.     Sufficiency of Evidence**

To the extent that Petitioner contends that the evidence was insufficient to show that he was convicted in Nos. F86-86726 and F88-90743, his claim lacks merit.

Federal courts conduct an extremely limited review of habeas claims based on the sufficiency of the evidence using the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a

7

federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

The *Jackson* standard applies to a challenge to the sufficiency of the evidence to support the determination that a defendant had prior convictions for enhancement of a sentence. *See Durham v. Quarterman*, No. 3:06-CV-1915-K, 2008 WL 5203715 at *10 (N.D. Tex. Dec. 11, 2008) (citing *French v. Estelle*, 692 F.2d 1021 (5th Cir. 1982)).

The pen packets for Petitioner's prior convictions for possession of a controlled substance and burglary were admitted into evidence, and they included the judgments. (*See* doc. 46-8 at 56-66.) A sheriff's deputy testified that the fingerprints in the pen packets matched Petitioner's fingerprints. (*See* doc. 46-7 at 118.) Petitioner testified and admitted that he had been convicted in the possession of a controlled substance case and in the burglary case, although he asserted that the convictions were illegal or tainted. (*See id*. at 125.) There was sufficient evidence to support the determination that Petitioner had prior convictions for enhancement. *See Durham*, 2008 WL

8

5203715 at *11.

Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696.  The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).

9

Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A. Prior Convictions

Petitioner asserts that counsel was ineffective for failing to investigate the legality of the prior convictions for possession of a controlled substance and burglary that were used for enhancement. As noted, he contends that his prior convictions were illegal because an illegal judicial confession was used, he could not read or spell and he was told that all of the papers were about regular probation for one offense, and there was no arrest, charge, arraignment papers, fingerprints, mugshots, or SID number for the other. He also claims that he was arrested for misdemeanor offenses in 1986 or 1987, but he was not arrested, charged, or convicted of the controlled substance offense or burglary offense in 1986 or 1987.

Petitioner's allegation of an illegal judicial confession is conclusory; he does not allege any facts in support. *See Woods*, 870 F.2d at 288 n.3; *Miller*, 200 F.3d 282 (conclusory allegations of ineffective assistance of counsel do not entitle a petitioner to habeas relief). He does not explain how his conviction was illegal based on the fact that he could not read or spell, or that the papers were about regular probation. The assertion that he was not convicted of the prior offenses is contradicted by the judgments that were introduced into evidence that show he was convicted of the two prior offenses. He has not overcome the presumption of regularity accorded court records. *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity"). He has not shown that there was a legal basis on which counsel could have successfully challenged the prior convictions. Counsel was not ineffective for failing to raise a meritless or futile objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). He has not shown that the state court's rejection of this claim was unreasonable.

**B.    Uncalled Witness**

Petitioner asserts that counsel failed to call the third loss prevention officer as a witness.

Claims of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, a petitioner must name the witness, demonstrate that the witness was available to testify and would

have, set out the content of the proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id*.

Petitioner has not set out the content of the proposed testimony of the third officer, and he has not shown that his testimony would have favorable. At trial, counsel explained to the court that his testimony would not be beneficial and that there were tactical reasons not to call him as a witness. Counsel also submitted an affidavit in response to one of Petitioner's state habeas applications. Counsel talked with the third officer and had him subpoenaed and sworn in as a witness, but counsel believed that his testimony would not be beneficial. (*See* doc. 53-4 at 51.) Petitioner has not overcome the presumption of sound strategy in deciding not to call employee #3 as a witness. He has not shown that the state court's rejection of this claim was unreasonable.

**C.    Expert Witness**

Petitioner contends that counsel failed to hire an expert to review the security video to show that it was altered. He has not set out the proposed testimony of any expert witness, and he has not shown that the video was altered. Counsel's state habeas affidavit stated that:

> It was conceded by the State that the video did not show every step [Petitioner] made within the store because there were a series of cameras that were all stationary. ... [T]he surveillance video consisted of a series of short video clips from around the store. [Petitioner] seemed to think that because there were parts of his movement in the store that were not captured, the video had been altered. As his attorney, and based on my past experience dealing with surveillance videos, I disagreed and did not request an expert. Furthermore, it was actual testimony from [one of the store employees] that placed the stolen property on [Petitioner].

(*See* doc. 53-4 at 52.) He has not shown that counsel's strategy was not sound. He has not shown that the state court's rejection of this claim was unreasonable.

**V.   ERROR IN JUDGMENT**

Petitioner contends that the judgment in the theft case erroneously states that he pled true to

12

the enhancement allegations, but the state appellate court found that he pled not true.

On appeal, the court determined that the record did not indicate that Petitioner entered a plea to the enhancement allegations. *Robinson*, 2016 WL 326595 at *3. Because the trial court assessed punishment, it found there was no requirement that Petitioner enter a plea to the enhancement allegations. *See id*. The appellate court modified the judgment to reflect that Petitioner's plea to the enhancement allegations was "not true." *See id*.

Petitioner has not shown that any error in the judgment regarding his plea to the enhancement allegations affected the legality of his confinement under that judgment. He has not shown that the state court's rejection of this claim was unreasonable.

## VI. EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 13th day of August, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE